Williams, J.
On the 25th day of April, 1885, the plaintiffs in error, Hubert D. Osborn and Robert Graham, were appointed by the probate court of Coshocton county, administrators with the will annexed, of the estate of Truman Osborn, deceased. They were both residents of that county, and, after qualifying, entered upon the execution of the trust. Afterward, John Lidy, the defendant in error, presented to them for allowance, a claim for .an alleged indebtedness of Truman Osborn to him, which they rejected on the 15th day of June, 1888. Lidy then brought suit upon his claim, in the court of common pleas of Holmes county, where personal service of summons was obtained upon each of the administrators. They filed their motion to dismiss the action, on the ground, that when it was commenced and the service obtained, they resided in Coshocton county, where their appointment as administrators was made; their claim being, that they were not liable to suit in any other county, and therefore, the service of the summons upon them in Holmes county, did not give the court jurisdiction over them. They disclaimed, in their motion, any intention of ‘ ‘ entering an appearance upon the merits of the case,” or for any purpose other than making their objection to the jurisdiction of the court, upon the ground stated. The motion was overruled, an exception noted, and a bill of exceptions duly taken, showing that the facts upon which the motion was based were established *94 to the satisfaction of the court. The defendants then answered, setting up as their first defense, the facts stated in the motion, and alleging that by reason of them, the court had no jurisdiction of the defendants. A demurrer to this defense was sustained. The answer contained other defenses that went to the merits of the plaintiff’s claim. It is not important to state them here. Upon the issues raised by them, and the reply, the cause was tried, and judgment recovered by the plaintiff, which was affirmed by the circuit court.
The principal question presented, is whether, under our present legislation, an action against an administrator can be prosecuted in any county in which personal service of the summons can be obtained; or, must it be brought in the county where he was appointed, or resides ? The answer to the question is found in section 5031, of the Revised Statutes, which reads as follows: “Every other action must be" brought in the county in which a defendant resides or may be summoned, except actions against an executor, administrator, guardian or trustee, which may be brought in the county wherein he was appointed or resides, in which cases summons may issue to any county.”
Two views of this section are advanced in argument. One excludes actions of the kind mentioned in the exception, from the operation of the preceding clause, .and limits thfe places where they may be brought, to the county in which the defendant was appointed, or resides; and the other, gives the exception the effect of extending the venue of such actions, so as to permit them to be brought in the county where the defendant was appointed, as well as in the county in which he resides, or may be summoned. The section follows those which pro *95 vide where actions of a local nature, and actions against certain classes of corporations and companies shall be brought; and by the words “every other action,” in the section quoted above, is meant all actions, other than those mentioned in the preceding sections. The general provision of the section requires all such actions to be brought in the county where the defendant resides or may be summoned; and but for the exception, actions against executors, administrators, guardians or trustees, could not be brought elsewhere. The exception was designed, we think, to take actions against them out of that requirement, and permit them to be brought also in the county where they received their appointment.' The contrary construction renders it necessary to give the word “may,” in the exception, the meaning of “must;” which, it is apparent from the whole section, was not the legislative intention. In the general provision, “must” is evidently used in its appropriate sense; and the employment of the word “may,” in the exception, shows that-in the enactment of the section the precise meaning of both words was present in the legislative mind. And they appear to have been used in their proper sense throughout the chapter of the code on the venue of action'. Thus, it is provided- that actions for the recovery of real property, or an estate therein, must be brought in the county where the subject of the action is situated, except that an action to compel the specific performance of a contract for the sale of real estate may be brought in the county where the defendants or any of them reside. Sections 5022 and 5024, of the Revised Statutes, (Code, sections 45-46). The provision embraced in the above exception, this court has *96 held, is permissive and not exclusive; so that, an action for specific performance may be brought either in the county where the land lies, or where the defendant resides. Owens v. Hall, 13 Ohio St. 571. So, section 5030, provides that, “An action against a non-resident of this state, or a foreign corporation, may be brought in any county in which there is property of, or debts owing to, the defendant, or where such defendant is found; but if the defendant is a foreign insurance company, the action may be brought in a county where the cause, or some part thereof, arose. ’ ’ That section is the reenactment, without change, of original section 52 of the code, under which, in an action against a foreign insurance company, it was claimed that the last clause prescribed the place where such companies could be sued, and, that they could be sued in no other county. But this court held otherwise, in Handy v. Insurance Company, 37 Ohio St. 366. In the opinion of the court in that case it is said: '“This clause was intended to give an additional remedy against foreign insurance companies doing business in this state; namely, to make them liable to actions in the county where the causes of action arose, although they might not have property or debts due in such county, or might not even be found in such county.”
The provisions contained in the exception to section 5031, were added by way of amendment to original section 53 of the code, and were intended, we think, to enlarge the remedy against executors, administrators, guardians and trustees. The object in view, probably was, to better protect the rights of the creditors, heirs and distributees of estates, wards, and cestui que trusts, by affording the additional remedy for their enforcement. The *97 words, “or resides,” in the exception, are superfluous. They add nothing to the purport of the section, and appear to have been inserted through inadvertence. They are incongruous with the concluding sentence of the section. The phrase “in which eases,” refers in terms, as aptly to cases brought in the county where the defendant resides, as-to those brought in the county where he was appointed; yet, in the former, service may be obtained by leaving a copy of the summons at the residence, and no occasion for issuing the writ to another county, can arise; while in the latter, it may, for the defendant may not reside in the county where the appointment was made. The proper application of that provision is, therefore, limited to actions of the latter class. It was not necessary, in either class of cases, in order to authorize the issuing of a summons to another county, against a co-defendant. That is specifically provided for, and regulated by section 5038.
The chapter of the civil code on the venue of actions prescribes reasonable and convenient rules with respect to the places where actions may be prosecuted, which, like other provisions of the code, must be construed liberally, with a view of advancing the remedies it affords; and that construction of section 5031, requires us to hold, as we do, that under its provisions, actions against executors, administrators, guardians or trustees, may be brought, either in the county where they reside, or were appointed, or in which personal service of a summons may be obtained upon them. This conclusion renders it unnecessary to enter upon the consideration of the other question argued by counsel, that is, whether the motion or answer of the defendants in the action *98 below effected their appearance, and in that way gave the court jurisdiction. It obtained jurisdiction by the service of the summons.

Judgment affirmed.